IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DENZEL TRAMEL SWINTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE COUNTS I AND II<br><br>Case No. 2:22-CR-121-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Bifurcate Counts I and II. For the reasons explained herein, the Court will deny the Motion.

I. BACKGROUND

The government has charged Defendant with Felon in Possession of a Firearm (Count I) and Possession of a Stolen Firearm (Count II). The facts alleged by the government in support of these charges are that Defendant pointed a firearm at a man sitting in his car in retail establishment parking lot, took a handgun from the man, and fled the scene. Police arrested the Defendant upon finding that he matched the description of the suspect of the robbery and had a firearm in his possession that matched the description of the stolen firearm. The government further alleges that Defendant had a prior felony conviction and was therefore prohibited from possessing a firearm at the time of the alleged criminal conduct.

In order to prove Defendant is guilty of Count I, Felon in Possession of Firearm in violation of 18 U.S.C. § 922(g)(1), the government must demonstrate that "(1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; (3) the

possession was in or affecting interstate commerce."[1] To prove Defendant is guilty of Count II, Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(i), the government must demonstrate that (1) the defendant possessed a firearm; (2) the defendant knew or had reasonable cause to believe the firearm was stolen; and (3) the firearm was transported or shipped in interstate or foreign commerce.

Defendant argues that, because evidence of a prior felony conviction is not relevant to Count II, the Counts should be bifurcated to avoid prejudice to the Defendant. Defendant suggests that Count II should be tried first and, immediately following the verdict for Count II, the Court should hold a second trial on Count I. The government objects.

## II.     ANAYLSIS

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide other relief that justice requires." "Whether to grant severance under Rule 14 rests within the discretion of the district court."[2] "[B]ecause severance is a matter of discretion, a defendant bears the 'heavy burden' of showing 'real prejudice.'"[3] "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials."[4]

As discussed, Defendant argues prejudice to Defendant will occur if the jury is introduced to evidence of Defendant's alleged prior felony in its consideration of Count II,

---

[1] *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996).

[2] *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997).

[3] *United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009) (quoting *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir.1984)).

[4] *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992).

Possession of a Stolen Firearm, to which Defendant's alleged felony status is irrelevant. In opposition, the government points to the inconvenience of bifurcation, arguing that presentation of the evidence for the two Counts are "almost identical" and, in the event of a second trial, "the United States would be required to recall all of its witnesses and re-admit all of its evidence, only adding proof that the Defendant is a felon."[5]

Upon balance of the risk of prejudice to defendant by trying the two charges together with the expense and inconvenience of holding two trials, the Court finds that bifurcation is not appropriate. While the extent of recalling of evidence and witnesses described by the government may not be necessary,[6] the inconvenience caused by holding a second trial, even if brief and limited in subject matter, would not serve the interests of judicial economy. A second trial would necessarily result in some duplication of preparation and presentation and would further result in a lengthier trial, expending the time and resources of the Court unnecessarily and increasing the burden on jury members by keeping them away from their everyday lives for a longer time. The Court is also concerned that bifurcation could cause confusion among the jury members.

While disclosure of prior criminal acts or convictions may present a risk of prejudice to Defendant, such risk can be effectively mitigated through other less extreme precautions. For example, the parties could agree or the Court could order that the United States limit the amount and substance of evidence presented to the jury regarding Defendant's alleged prior felony. The

---

[5] Docket No. 37 at 5.

[6] In *United States v. Joshua*, 976 F.2d 844 (3rd Cir. 1992), the Third Circuit upheld a procedure wherein the district court bifurcated a felon in possession charge from other charges involving possession of a firearm. The jury first heard evidence on and deliberated concerning the first three charges. After returning a verdict on the first three charges, the jury was informed of the defendant's prior felony conviction and instructed to deliberate on the felon in possession charge. Witnesses and evidence regarding the firearm possession was not presented a second time to the jury. *Id.* 846–47.

Court can also instruct the jury of the limited application in which they may consider any evidence of Defendant's alleged prior felony conviction. This position has consistently been supported by the Tenth Circuit.[7]

Based on the above analysis, the Court finds that trying Counts I and II together will not result in actual prejudice to the Defendant and will best serve the interests of judicial economy.

### III.   CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Bifurcate (Docket No. 35) is DENIED.

DATED this 31st day of October, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[7] *See e.g., United States v. Tucker*, 502 F. App'x 720, 724 (10th Cir. 2012) ("[E]ven if we were to assume that [the defendant] suffered *some* appreciable prejudice [by the district court's refusal to bifurcate the felon in possession charge], we would conclude that this prejudice was not sufficient to outweigh the inconvenience and expense of a separate trial. . . . particularly in light of the steps taken by the district court to ameliorate any possible prejudice by providing the jury with limiting instructions.") (citation omitted); *United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009) ("[L]imiting instructions are 'ordinarily sufficient to cure potential prejudice.'") (quoting *United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir. 1996)); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983) (holding the district court's refusal to sever the firearm charges was not an abuse of discretion because the defendant's prior conviction was mentioned only briefly during closing argument and "limited to establishing the fact of the conviction as an element of the weapons offenses").