IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENZEL TRAMEL SWINTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON FLIGHT EVIDENCE<br><br><br>Case No. 2:22-CR-121 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the United States' Notice of Intent to Offer Fed. R. Evid. 404(b) Evidence and Defendant's Motion in Limine to Limit Admission of Flight Evidence. For the reasons discussed, the Court will allow the United States to present evidence of Defendant's flight in accordance with the limitations discussed below.

I.  BACKGROUND

Defendant was arrested on March 30, 2022. He was transported to the Salt Lake County Jail (the "Jail") for booking. However, the Jail's nursing staff refused Defendant because he claimed to have swallowed an unknown substance. Defendant was then transported to the hospital. After he was medically cleared, Defendant was placed in handcuffs in preparation for transport back to the Jail. When the officer opened the back door of his patrol vehicle to place Defendant inside, Defendant pulled away from him and ran away from the scene. Defendant was later located and transported to the Jail. The United States intends to introduce Defendant's flight under Fed. R. Evid. 404(b). Defendant acknowledges that his flight may be introduced as evidence of consciousness of guilt but requests a limiting instruction be given to the jury.

1

## II. DISCUSSION

The Tenth Circuit has provided a four-pronged requirement for any evidence admitted under Rule 404(b):

> (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it is admitted.[1]

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[2] However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[3]

"It is universally conceded today that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."[4] Indeed, most courts have held

---

[1] *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).

[2] Fed. R. Evid. 404(b)(1).

[3] *Id.* 404(b)(2).

[4] *United States v. Martinez*, 681 F.2d 1248, 1256 (10th Cir. 1982) (citation omitted).

that evidence of flight is admissible under Rule 404(b).[5] The Tenth Circuit has stated that "flight evidence carries with it a strong presumption of admissibility."[6]

Based on the record here, the Court finds that evidence of Defendant's flight is admissible for a proper purpose, namely consciousness of guilt. For substantially the same reason, Defendant's flight is relevant and probative to the issues in this case, and its probative value is not substantially outweighed by the danger of unfair prejudice. Finally, the Court will provide a limiting instruction as requested by the parties.[7] Based upon these considerations, the Court will allow evidence of Defendant's flight, but will instruct the jurors as to how they are to consider such evidence.

### III.  CONCLUSION

It is therefore

ORDERED that the United States may present evidence of Defendant's flight. It is further

ORDERED that Defendant's Motion in Limine to Limit Admission of Flight Evidence (Docket No. 50) is GRANTED to the extent that Defendant has requested a limiting instruction.

---

[5] *See e.g. United States v. Robinson*, 161 F.3d 463, 467 (7th Cir. 1998) ("Evidence of flight is admissible under Rule 404(b) to show consciousness of guilt, as well as guilt itself."); *United States v. Bartelho*, 129 F.3d 663, 677 (1st Cir. 1997) ("Evidence of flight or escape may be admissible to prove a defendant's consciousness of guilt, consistent with Rule 404(b)."); *United States v. Pungitore*, 910 F.2d 1084, 1151 (3d Cir. 1990) ("Evidence of a defendant's flight after a crime has been committed is admissible to prove his consciousness of guilt."); *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984) ("[E]vidence of flight is admissible to prove guilty conscience and evidence of the underlying offense is admissible to prove motive for flight under Fed. R. Evid. 404(b)."); *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir. 1969) (stating that "flight was a circumstance that might be considered in determining guilt").

[6] *Martinez*, 681 F.2d at 1256.

[7] Docket No. 71, at 34.

DATED this 8th day of November, 2022.

                         BY THE COURT:

                         _____
                         Ted Stewart
                         United States District Judge