IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>DENZEL TRAMEL SWINTON,<br>                    Defendant. | MEMORANDUM AND ORDER ADDRESSING DEFENDANT'S MOTION IN LIMINE<br><br><br>Case No. 2:22-cr-121-TS<br><br>Judge Ted Stewart |

This matter is before the Court on Defendant's Motion in Limine filed on November 2, 2022. For the reasons stated below, the Court will grant the Motion.

I. BACKGROUND

Defendant is charged with one count of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and one count of Possession of a Stolen Firearm, 18 U.S.C. § 922(j). Trial is set to begin on November 14, 2022. In preparation for the trial, Defendant filed a Motion in Limine moving for exclusion of six allegations as not relevant under Fed. R. Evid. 401 and 402 and as outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.  Defendant seeks to exclude evidence related to the following: (1) a security badge found in Defendant's wallet; (2) the VIN number of the car Defendant was driving belonged to a different vehicle; (3) a large knife found in Defendant's vehicle; (4) clothing found in Defendant's vehicle was allegedly stolen; (5) the second gun found in Defendant's vehicle was allegedly stolen; and (6) officers took Defendant to the hospital following his arrest after he claimed to have swallowed an

unknown substance. The Government stipulates that it will not seek admission that the second gun found in the Defendant's vehicle was stolen, unless put at issue by Defendant.

## II. DISCUSSION

Under Fed. R. Evid. 401, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Even if evidence is deemed relevant, the Court may exclude it under Fed. R. Evid. 403, "if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

First, Defendant argues that evidence of Defendant's security officer badge should be excluded as not relevant. The Government asserts that the evidence is relevant to Defendant's knowledge of guns in the vehicle and that he requested the arresting officer to look in his wallet, where the badge was located, so that the officer would not search his vehicle. Although both counts include elements requiring the Government to prove the Defendant acted knowingly, evidence of the security badge does not tend to make those elements more or less probable. Additionally, the Government's argument regarding the Defendant asking the officer to look in his wallet so he would see the badge appears to be highly attenuated. Accordingly, the Court grants Defendant's motion to exclude evidence of the security badge.

Next, Defendant moves to exclude evidence that the VIN number on Defendant's vehicle matched a different vehicle. The Government argues that the evidence is highly probative of Defendant's knowledge and absence of mistake that the Smith and Wesson firearm found in the vehicle was stolen. The Court finds that this evidence is not relevant to Defendant's knowledge that the firearm was stolen nor absence of mistake. Additionally, even if it is relevant, the Court

finds that its probative value is substantially outweighed by confusion of the issues and waste of time. The Court will therefore grant the motion to exclude evidence of the VIN number.

Defendant moves to exclude information that officers found a large knife in Defendant's vehicle. The Government seeks to admit the evidence as relevant to Defendant's credibility and knowledge after telling officers there were no weapons in the vehicle. Given the limited information before it, the Court finds the evidence of the knife is not relevant to Defendant's knowledge that a firearm was in the vehicle. Further, to the extent that the Government seeks to admit evidence of the knife to show Defendant's character for untruthfulness under Fed. R. Evid. 608, the Court defers any ruling on that issue until the Defendant decides whether to testify. However, even if Defendant does testify, potentially making the evidence relevant, given the evidence of the other two weapons allegedly located in the vehicle, any probative value of the knife may be outweighed by confusion of the issue and needlessly presenting cumulative evidence. At this juncture, the Court grants the motion to exclude introduction of evidence of the knife as not relevant but will revisit this ruling as necessary if it is raised during the trial.

Next, Defendant moves to exclude evidence that clothing found in the Defendant's vehicle was stolen. The Government stipulates that it will not introduce information that the clothing was stolen, but argues that evidence of clothing found in the vehicle should be admissible. It argues that the clothing is probative of whether another person was or could have been in the vehicle. Given the limited information regarding the clothing, such as a size, type, location, color, etc., the Court finds the evidence is not relevant and grants the motion to exclude it.

Finally, Defendant seeks to exclude information that officers took Defendant to the hospital after placing him under arrest because he claimed to have ingested an unknown substance. The Government argues that the evidence is relevant as evidence of flight since Defendant fled after

going to the hospital. The Court finds that the reason Defendant was at the hospital is not relevant and grants the motion to exclude introduction of any evidence as to why the Defendant was at the hospital. Additionally, the Court finds that any probative value is outweighed by unfair prejudice, confusion of the issues, and waste of time. However, the Court will allow the Government to present evidence of Defendant's flight to show consciousness of guilty.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 64) is GRANTED.

DATED November 8, 2022.

BY THE COURT:

_____
TED STEWART
United States District Judge