IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENZEL TRAMEL SWINTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON ADMISSIBLITY OF WITNESS'S PRIOR MISDEMEANOR CONVICTION<br><br>Case No. 2:22-CR-121 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the United States' Motion In Limine to Preclude Admission of Witness Prim's Prior Misdemeanor Conviction. For the reasons discussed, the Court will grant the Motion.

I. BACKGROUND

Defendant was arrested following a 911 call placed by Colin Prim, wherein Mr. Prim reported he had been robbed and provided a description of the physical appearance of the suspect, a description of the vehicle driven by the suspect, and the direction of travel of the suspect. Following Defendant's arrest, Mr. Prim positively identified Defendant from a single photo as the man who robbed him. The United States intends to call Mr. Prim to testify as part of their case in chief. The United States now moves the Court to prohibit Defendant from introducing evidence regarding Mr. Prim's 2009 misdemeanor conviction.

II. DISCUSSION

Fed. R. Evid. 404(a)(3) provides that "[e]vidence of a witness's character may be admitted under Rules 607, 608, and 609." Fed. R. Evid. 609 provides direction for the

admissibility of a witness's prior criminal conviction. Fed. R. Evid. 609(a)(2) states that "for any crime regardless of the punishment, the evidence [of a criminal conviction] must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." However, Fed. R. Evid. 609(b) provides additional limitations to the admission of evidence regarding a witness's prior criminal conviction "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." The United States alleges that Mr. Prim was convicted of "Criminal Damage-Deface," a misdemeanor under Arizona law, in April of 2009. More than 10 years have passed since Mr. Prim's conviction. Further, because Mr. Prim's charge was a misdemeanor, his release from confinement, if any was ordered, would have been well over 10 years ago. As a result, Rule 609(b) applies. Under Rule 609(b), evidence of a conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

There are no "specific facts or circumstances" before the Court to support the probative value of evidence of Mr. Prim's conviction. Further, Defendant has not provided written notice of his intent to introduce such evidence at trial as required by Rule 609(b)(2). Evidence of Mr. Prim's prior misdemeanor conviction is therefore inadmissible at trial. Should circumstances change prior to the trial date, the Court may reconsider this issue.

### III.  CONCLUSION

It is therefore

ORDERED that the United States' Motion in Limine to Preclude Admission of Witness Prim's Prior Misdemeanor Conviction (Docket No. 66) is GRANTED.

DATED this 9th day of November, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge