IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENZEL TRAMEL SWINTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL<br><br>Case No. 2:22-CR-121-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Judgment of Acquittal and Renewed Motion for Judgment of Acquittal. Following the conclusion of the government's presentation of the evidence in its case-in-chief, Defendant orally moved for a judgment of acquittal of both counts under Fed. R. Crim. P. 29(a). Following the close of all evidence, Defendant renewed his Motion. The Court orally denied the Motion for the reasons described in the Court's oral ruling and in this Memorandum.

I.   STANDARD

Fed. R. of Crim. P. 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  In considering a sufficiency of the evidence challenge, the Court must "review the evidence and its reasonable inferences in the light most favorable to the government" and "determine whether a reasonable

jury could find the defendant guilty beyond a reasonable doubt."[1] The Court must not "weigh conflicting evidence or consider witness credibility."[2]

## II. BACKGROUND[3]

Defendant was indicted by a grand jury on April 6, 2022, on two counts.[4] Count I charges Defendant with Felon in Possession of a Firearm and Count II charges Defendant with Possession of a Stolen Firearm.[5] On April 18, 2022, Defendant entered a plea of not guilty.[6] The Court held a jury trial to resolve the charges against Defendant beginning November 14, 2022. The following evidence was presented in the government's case-in-chief against Defendant.

The government first solicited the testimony of Colin Prim. Mr. Prim testified that, while he was sitting in his car on a lunch break in a retail parking lot, a man who was parked next to him opened his car door causing it to hit Mr. Prim's car. Mr. Prim testified that the man engaged him in a brief conversation and then robbed Mr. Prim of his firearm while pointing a gun at his head. The government also presented supporting audio/video evidence that depicts the robbery, which was captured by a dashcam installed in Mr. Prim's vehicle. The dashcam footage shows that a man parked next to Mr. Prim hit Mr. Prim's car with his car door, and briefly engaged Mr. Prim in small talk. The man asked Mr. Prim about a firearm that was on or near Mr. Prim's lap. As they continued the discussion, the man pulled a gun out, pointed it at Mr. Prim's head, and

---

[1] *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)).

[2] *Id.* (quoting *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002)).

[3] This section may not include all relevant evidence submitted by the government, but instead provides a brief overview of evidence presented by the government and relied on by the Court in reaching this determination.

[4] Docket No. 1.

[5] *Id.*

[6] Docket No. 11.

2

took Mr. Prim's handgun. He then fled the scene in his car. At trial, Mr. Prim identified Defendant as the man who took his gun. Mr. Prim testified that he had a good opportunity to view the man, that they were close in proximity while engaged in conversation and during the robbery, that it was light outside in the parking lot where the robbery took place, and that nothing otherwise obstructed his view of the man. Mr. Prim further testified that he had particular reason to remember the man because the man pointed a gun at his head.

The government also solicited testimony from Officer Huntington, the officer who responded to the scene of the robbery. Officer Huntington testified that, while he was with Mr. Prim at the scene of the robbery, about 15 minutes after the robbery took place, he learned that a man who matched the description of the suspect had been apprehended by another officer. Officer Huntington subsequently received a photo of that man and of a handgun located inside the suspect's vehicle. Officer Huntington testified that he showed these photos to Mr. Prim and asked him to identify the man and the firearm. He further testified that Mr. Prim quickly identified the man in the photo—Defendant—as the man who robbed him and identified the firearm as his stolen firearm. The photos used in this identification were admitted into evidence along with video footage of Officer Huntington's interaction with Mr. Prim, taken from Officer Huntington's body camera.

The video footage taken from Mr. Prim's dashcam also depicted the 911 call that Mr. Prim made to report the robbery. During his call, Mr. Prim described the man who robbed him as black or "half-black," bald, and possibly tall. He further described him as wearing a grey shirt and jeans, and driving a silver Chrysler 200 with a temporary license plate.

The government solicited testimony from Officer Marquardson, who initially detained Defendant as the suspect of the robbery, and Detective Clark, who investigated and documented

3

the scene of Defendant's arrest. Officer Marquardson testified that he located a Silver Chrysler 200 with temporary tags in transit several miles away from the robbery scene. Officer Marquardson stopped the vehicle and ordered Defendant out of the car. Officer Marquardson testified that Defendant matched the description of the suspect provided to him by dispatch—a bald, black male wearing a grey shirt and driving a Silver Chrysler 200. As a result, Officer Marquardson detained Defendant. The government introduced video evidence of the arrest taken from Officer Marquardson's body camera that depicts the arrest of Defendant.

      Detective Clark testified that he arrived at the scene after Defendant was detained. Detective Clark located two firearms inside the vehicle, including one handgun that matched the description and bore the serial number of the firearm stolen from Mr. Prim. Detective Clark testified that he took photos of the firearms as he found them in the vehicle. These photos were admitted into evidence. These photos depicted a handgun located on the front passenger seat in clear view of the vehicle defendant was driving. Other photos depicted a different handgun located in or around the console area of the same vehicle.

      Finally, the government introduced still shots taken from Mr. Prim's dashcam video footage that depicted the suspect's clothing, cell phone, face mask, and face at the time of the robbery. The government also introduced still shots taken from the Officer Marquardson's body camera footage of Defendant's clothing, cell phone, face mask, and face at the time of Defendant's arrest. The jury had the opportunity to compare audio, video, and photos of the suspect and scene of the crime taken by Mr. Prim's dashcam with those taken by Officer Marquardson's body camera and by Detective Clark that depicts the above-described scene where Defendant was arrested.

III.    ANALYSIS

Defendant is charged in Count I with a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. To prove Defendant guilty of Felon in Possession of a Firearm, the government must prove beyond a reasonable doubt that (1) Defendant knowingly possessed a firearm; (2) Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year (a felony) before he possessed the firearm; (3) Defendant knew he was convicted of a crime punishable by imprisonment for a term exceeding one year (a felony) before he possessed the firearm; and (4) before Defendant possessed the firearm, the firearm had moved in interstate or foreign commerce.[7]

The parties stipulated that Defendant was previously convicted of a felony at the time of the alleged crime; that he knew he was a felon at the time of the alleged crime; that the firearms at issue met the legal definition of a firearm; and that the firearms at issue had moved in interstate commerce. The government, therefore, needed only to present evidence to support that Defendant knowingly possessed the firearms at issue to defeat Defendant's Motion.

The above-described evidence presented by the government provides a sufficient basis by which a jury could find, beyond a reasonable doubt, that Defendant knowingly possessed the firearm and is therefore guilty of Felon in Possession of a Firearm. Based on the evidence, a jury could reasonably conclude that Defendant held a gun to Mr. Prim's head and took Mr. Prim's handgun, thereby knowingly possessing one or more firearms. If the jury did not believe

---

[7] 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) ("We conclude that in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

Defendant to have committed the robbery, the jury could also reasonably rely on the testimony and photos submitted by the government depicting the arrest scene where two firearms were found in Defendant's vehicle to conclude that Defendant was in possession of one or more firearms. Therefore, the government presented sufficient evidence to sustain a conviction for Count I.

Defendant is charged in Count II with a violation of 18 U.S.C. § 922(j), Possession of a Stolen Firearm. To prove Defendant guilty of Possession of a Stolen Firearm, the government must prove beyond a reasonable doubt that (1) Defendant knowingly possessed a firearm; (2) the firearm was stolen at the time Defendant possessed it; (3) Defendant knew or had reasonable cause to believe that the firearm was stolen; and (4) before Defendant possessed the firearm, the firearm had moved in interstate or foreign commerce.[8] The parties stipulated that the firearm at issue had moved in interstate or foreign commerce and that the firearm at issue meets the legal definition of a firearm. The government, therefore, needed only to present evidence supporting that Defendant knowingly possessed a firearm that was stolen and that he knew or reasonably should have known to be stolen.

The video, audio, photo, and testimony evidence described above provides sufficient evidence from a which a jury could conclude that Defendant knowingly possessed a firearm he knew or reasonably should have known to be stolen. Specifically, the jury could reasonably conclude that Defendant knowing possessed a handgun he knew to be stolen handgun where the government introduced evidence identifying Defendant as the man who stole the firearm from

---

[8] 18 U.S.C. § 922(j); *United States v. Al-Rekabi*, 454 F.3d 1113, 1124 (10th Cir. 2006).

Mr. Prim at gunpoint. Therefore, the government presented sufficient evidence to sustain a conviction for Count II.

## IV.   CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment of Acquittal and Renewed Motion for Judgment of Acquittal is DENIED.

DATED this 21st day of November, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge